UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 21-136-DCR-4 |
| | ) | |
| V. | ) | |
| | ) | |
| RUDY GUERRERO, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Rudy Guerrero is charged with one count of conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). [Record No. 1] The conspiracy is alleged to have begun in August 2018 and continued through on or about December 9, 2021. Guerrero is proceeding to trial beginning June 21, 2022. In preparation for trial, he has filed a motion *in limine* to exclude co-conspirator statements unless the government can prove by a preponderance of the evidence that the alleged conspiracy existed. He also seeks to compel the disclosure of three co-conspirators' identities that have been redacted in the Indictment and discovery materials. [Record No. 93] The motion will be denied for the reasons that follow.

**I.**

Guerrero first requests that the government prove by a preponderance of the evidence that the charged conspiracy existed prior to admitting any co-conspirator statements. Federal Rule of Evidence 801(d)(2)(E) allows for the admission of co-conspirator statements made during the course of and in furtherance of the conspiracy. But before the Court may admit these statements, the government must establish three prerequisites by a preponderance of the

evidence: "(i) the conspiracy existed, (ii) the defendant against whom the statement is offered was a member of the conspiracy, and (iii) the co-conspirator made the statement during the course of and in furtherance of the conspiracy." *United States v. Bell*, No. 17-cr-20183, 2020 U.S. Dist. LEXIS 224338, at *3 (E.D. Mich. Dec. 1, 2020) (referencing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)); *United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008).

The United States proffers that its proof at trial will demonstrate a single conspiracy to launder drug proceeds. [Record No. 106] First, it states that its evidence will demonstrate that "defendant number one" agreed with multiple individuals in Lexington, Kentucky, Chicago, Illinois, and elsewhere to coordinate the collection of drug proceeds to launder and return to Mexico. Second, the United States provides that its evidence will show multiple deliveries to undercover DEA agents, the deposit of those funds into a DEA account, the conversion of those funds, and then the transfer of those funds to "defendant number one" in Lexington, Kentucky and Chicago, Illinois. The United States argues that it will present evidence of Guerrero's membership in the conspiracy through his three uncharged substantive offenses of money laundering wherein he delivered drug proceeds to a courier. The government plans to introduce recorded phone calls from unindicted co-conspirators setting up these three deliveries.

Guerrero's response to the government's proffered evidence is that his membership in the conspiracy was limited in time and did not overlap with any of the other charged co-conspirators in this matter. [Record No. 108] Additionally, he argues that there is no evidence "to tie any drug dealings to Mr. Guerrero." Finally, the defendant contends that the recorded phone calls that include co-conspirator statements "might have been sufficient had Mr.

Guerrero been charged in a conspiracy with the unknown individuals and defendant one in the Northern District of Illinois, in a separate conspiracy." [*Id*. at 3-4.]

The Court previously concluded that the government had proffered sufficient evidence to support the existence of a single conspiracy – rather than multiple conspiracies – when it addressed the defendant's motion to transfer venue. In determining whether there was a single conspiracy or multiple conspiracies, the Court considered (1) "the existence of a common goal," (2) "the nature of the scheme," and (3) "the overlapping of the participants in various dealings." *United States v. Smith*, 320 F.3d 647, 652 (6th Cir. 2003).

The government sufficient demonstrated that there was a common purpose to support drug trafficking activities of one or more organizations by laundering drug proceeds and all of the co-conspirators, named and unnamed, were working towards this common goal. *See United States v. Brasher*, 962 F.3d 254, 263 (7th Cir. 2020); *United States v. Perez-Martinez*, 746 F. App'x 468 (6th Cir. 2018). Additionally, the Court noted that the nature of the scheme was the same among all of the co-conspirators' activities. Individuals received drug proceeds, deposited them at certain financial institutions, and then the proceeds were converted into cybercurrency and transferred out of the accounts. And as referenced previously, it is not necessary that Guerrero know all his co-conspirators. *United States v. Beals*, 698 F.3d 248, 259 (6th Cir. 2012). The Memorandum Opinion and Order addressing this issue also referenced a case in which the Court affirmatively concluded that, because all the "co-conspirators had a common goal or enterprise, it is of no consequence that the co-conspirators were only connected by" one individual. *United States v. Rodgers*, No. 3:17-cr-0016-GFVT, 2018 U.S. Dist. LEXIS 182093, at *10 (E.D. Ky. Oct. 23, 2018). In summary, the government has proffered sufficient evidence to show a single conspiracy.

Guerrero raises two other arguments that he did not raise in his motion to transfer venue. First, he contends that he was only involved in the conspiracy for a limited time. However, an individual can be a part of a single conspiracy even if his involvement is limited in scope. A defendant is not required to know "everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial." Sixth Circuit Pattern Jury Instruction § 3.03(2); *United States v. Price*, 258 F.3d 539, 544 (6th Cir. 2001) ("The connection of the defendant to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt." (citation omitted)). Instead, "[a] slight role or connection may be enough." Sixth Circuit Pattern Jury Instruction § 3.03(2); *see also United States v. Mahbub*, 818 F.3d 213, 230 (6th Cir. 2016) (noting that "'[a] slight role or connection may be enough' to link a defendant to a conspiracy, which is an accurate legal proposition" (emphasis in original)). The limited period of Guerrero's involvement does not detract from the government's assertion that he was involved in the single overarching conspiracy.

Next, Guerrero argues that there is no evidence "to tie any drug dealings" to him. [Record No. 108, p. 2] But Guerrero is not charged with any substantive drug offense. Instead, he is charged with conspiring to conduct financial transactions involving the proceeds of a specific unlawful activity, namely drug trafficking, and that he had the intent to promote this unlawful activity and knew that the proceeds derived from an unlawful activity. [Record No. 1] The United States proffers that the evidence at trial will show that Guerrero delivered drug proceeds to an undercover agent. Accordingly, this argument fails.

Nothing in Guerrero's motion *in limine* and reply alter the Court's previous conclusion that, at this point in time, the government has proffered sufficient evidence to demonstrate the existence of a single conspiracy.

## II.

Guerrero also requests that the United States disclose the redacted names of three individuals in the Indictment and the discovery materials. He asserts that these names are necessary to effectively prepare for trial. The United States responds that two of the three names, while redacted in the Indictment, are not redacted in the discovery materials and the defendant is aware of their identities. However, the name of "defendant number one" is redacted in the Indictment and discovery because he remains a fugitive. Thus, te United States objects to the disclosure of the identity of "defendant number one."

"A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991). Put another way, "as long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators." *Id*.

Courts in this circuit routinely deny requests from defendants to disclose the identity of other co-conspirators. *Rey*, 923 F.2d at 1222-23; *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (explaining that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars"); *United States v. Stephenson*, No. 3:20-CR-00018-BJB-1, 2021 U.S Dist. LEXIS 211906, at *9 (W.D. Ky. Nov. 2, 2021) ("The United States asserted that Stephenson is not entitled to the identity of the others alleged to have

conspired with him in counts one and two of the superseding indictment. . . . A wealth of authority supports the United States' position."); *United States v. Higdon*, 68 F. Supp. 3d 807, 811 (E.D. Tenn. 2014); *cf. United States v. Woods*, 187 F. App'x 524, 528 (6th Cir. 2006) (explaining that the defendants' constitutional right to "notice" was not violated when the United States did not disclose who the defendants' co-conspirators were because the defendants had adequate notice when a valid indictment charged the elements of a conspiracy agreement).

Here, the Indictment sufficiently alleges that an agreement between two or more persons existed and gives the defendant notice of the charge against him. Beyond that, the United States is not required to disclose the names of the defendant's co-conspirators. Accordingly, Guerrero's request for the disclosure of "defendant number one" is denied.

Based on the foregoing, it is hereby

**ORDERED** that Defendant Rudy Guerrero's motion *in limine* [Record No. 93] is **DENIED**.

Dated:  June 15, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky