UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 21-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RUDY GUERRERO, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

A jury found Defendant Rudy Guerrero guilty of conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h).  [Record No. 119]  He was sentenced on November 7, 2022, to 80 months' imprisonment, based on a Total Offense Level 28 and Criminal History Category I  This produced an advisory guidelines range of 78 to 97 months' imprisonment.  [Record No. 165; PSR ¶¶ 48, 49]

Guerrero moved for a retroactive sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B) to the United States Sentencing Guidelines.  [Record No. 258]  Amendment 821 (Part B) became effective on November 1, 2023, provides for a decrease of two offense levels for defendants without any criminal history points and whose offense did not involve specific aggravating factors.  *See* U.S.S.G. Amend. 821, eff. Nov. 1, 2023.

Guerrero was not assessed any criminal history points at sentencing.  [PSR ¶ 49]  Therefore, consistent with Amendment 821, he is eligible for a retroactive sentence reduction with a recalculated offense level of 26, producing an amended guideline range for incarceration of 63 to 78 months.

The Court directed the United States to respond to whether and to what extent Guerrero should be granted a sentence reduction.  [Record No. 267] The United States agrees that Guerrero is eligible for a sentence reduction limited to a term not less than the minimum of the amended guideline range (i.e., 63 months).  *See* U.S.S.G. §1B1.10(b)(2)(A).  It contends, however, that the sentencing factors of § 3553(a) support a sentence of 74 months.  [Record No. 271]  While the government recognizes Guerrero's lack of criminal history and relevant mitigating factors, it contends that the nature and circumstances of the offense do not support a further reduction.  [*Id.*]  In particular, it notes that Guerrero's role in the conspiracy was integral to the success of Mexican drug cartels and that he knew he was dealing with cartel-level individuals.  The United States also points out that Guerrero did not participate in the underlying conspiracy out of desperation—he was earning $8,333.33 per month through lawful employment.  [*Id.*] It further contends that specific and general deterrence are important considerations and that would-be money launderers must understand that engaging in the laundering of proceeds derived from drug distribution has serious consequences.  [*Id.*]

In reply, Guerrero notes that the Court previously imposed a sentence two months above the low end of the guideline range.  [Record No. 274]  Thus, he argues that the Court should reduce his sentence of incarceration to 65 months.   Guerrero also draws attention to his post-sentencing behavior.  In the 19 months of his imprisonment, Guerrero has earned his GED, completed drug education programs, has been employed at the prison performing landscaping and laundry work, and has received no disciplinary infractions.  [*Id.*; *see* Probation Analysis, p. 4]

The Court agrees with the United States' assessment that resentencing the defendant to a term at the low end of the amended guideline range would inappropriately undermine the

need for both general and specific deterrence. However, the Court also recognizes the significance of a defendant's post-sentencing conduct as a metric for determining whether the goals of § 3553(a) are being achieved. *See* Application Note 1(B)(iii), U.S. Sent'g Guidelines Manual §1B1.10 (U.S. Sent'g Comm'n 2023). While Guerrero's post-sentencing conduct in no way negates the seriousness of the offense of conviction, it remains an important factor for the Court to weigh.

Having considered the parties' arguments, the Court finds that a sentence reduction to a term of 70 months' incarceration is sufficient but not longer than necessary to satisfy the purposes set forth in 18 U.S.C. § 3553(a). Accordingly, it is hereby

**ORDERED** as follows:

1.    Defendant Guerrero's motion for a sentence reduction [Record No. 258] is **GRANTED**. Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, Defendant Guerrero's custodial sentence is **REDUCED** to a term of 70 months' imprisonment. All other aspects of the original sentence remain in place.

2.    An Amended Judgment (AO form 247) will be entered contemporaneously with this Memorandum Order.

Dated: February 12, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky